**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KELVIN J. MILES, )
)
    Petitioner, )
)
v. ) Civil Action No.: 18-cv-01154-UNA
)
DAVID PAUL, )
)
    Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Kelvin J. Miles's *pro se* Petition and Application for Leave to Proceed *in forma pauperis*. Petitioner, Kelvin Jerome Miles, who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, has filed a "Motion for a Writ of Habeas Corpus Under Title 28 U.S.C. Section 1651-1651(a) ("Petition")." After careful review, the Court finds that Petitioner is attempting to challenge his criminal sentence, imposed by the Superior Court for the District of Columbia in 1981.

Petitioner provides a few grounds within the Petition. Petitioner alleges that he suffered constitutional injustice because: (1) he was transported from Maryland to the District of Columbia for proceedings on a few occasions, (2) he was never brought before a grand jury, (3) he was never identified in a police lineup, and (4) DNA evidence has since proven his innocence. Petitioner also makes general allegations of denial of speedy trial, ineffective assistance of trial counsel, and judicial/prosecutorial impropriety.

While Petitioner does not request explicit relief, it is evident he is making a collateral attack on his conviction and/or sentencing and is seeking release from incarceration. District of Columbia

1

Code § 23–110(g) divests the federal courts of jurisdiction over this type of claim, and therefore, the Court concludes that it must deny the Petition and dismiss this case.

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court for the District of Columbia may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23–110(a). A petition seeking habeas relief "shall not be entertained by…any [f]ederal court if it appears that the [petitioner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23–110(g); *Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997). The remedy afforded by D.C. Code § 23–110 is designed "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009); *see also Blair–Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

This Circuit has "recognized some exceptions" to this jurisdictional bar where the requested relief is entirely unavailable under D.C. Code § 23–110, *Williams*, 586 F.3d at 1000, such as a motion challenging a denial of parole, *Blair–Bey*, 151 F.3d at 1043, a request for transfer between penitentiaries, *Neal v. Director*, 684 F.2d 17, 19 (D.C. Cir. 1982), or a challenge regarding the effectiveness of appellate counsel, *Williams*, 586 F.3d at 1000. But where, as here, it is apparent that the "petition falls squarely within the scope of section 23–110(a)" because it challenges a "sentence [that] was [purportedly] imposed in violation of the Constitution of the

United States or the laws of the District of Columbia," the challenge must be brought in the Superior Court and this Court must therefore dismiss the petition for lack of jurisdiction. *Whoie v. Warden, Butner Fed. Med. Ctr.*, 891 F. Supp. 2d 2, 3 (D.D.C. 2012). Therefore, Petitioner has no recourse in this Court, and this case will be dismissed. An Order accompanies this Memorandum Opinion.

Date: June 17, 2018

/s/
United States District Judge
J. Boasberg